RIVERA, PLAINTIFF AND APPELLANT, *v.* RODRÍGUEZ ET AL.,
DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Arecibo in an Action of Revendication.

No. 3077.—Decided May 6, 1924.

REVENDICATION—COMMON PROPERTY—HEIRS—PARTITION—PAYMENT OF DEBTS—
AUTHORIZATION OF COURT.—In order that an action may be maintained by
an heir for a joint interest in property that belonged to the heirs of his
predecessor on the theory that without previous authorization of court the
property was allotted to an heir for the payment of debts of the estate, it
must be proved that the property sued for was specially allotted for the
payment of debts without the necessity of such authorization.

The facts are stated in the opinion.
*Mr. L. Mercader* for the appellant.
*Mr. A. Lens Cuena* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

In 1912 Emilio and Osvaldo Rivera Vélez and Juana de León, the only children and heirs of Eladio Rivera Olivero, partitioned the estate of their father, Osvaldo and Juana,

who were then minors, being represented, respectively, by a guardian appointed by the court and by the mother. The District Court of Arecibo approved the partition and afterwards it was protocoled in a notary's office.

The properties inventoried amounted to $2,800, from which was deducted the sum of $800 for paying a debt of $500 acknowledged by the ancestor before a notary public, the remaining $300 being for paying the expenses of his last illness and of the testamentary proceedings, leaving therefore a balance of $2,000 which was divided among the three heirs in the proportion of $666.66 each. The heir who was of age, Emilio, took charge of the payment of the debts which, added to his hereditary share, amounted to $1,466.66. In payment of her share Juana was given a condominium of $666.67 in an urban property valued at $1,200. The remaining condominium of $533.33 in that property was allotted to Osvaldo, who was also given a condominium of $133.34 in another property having a value of $800 and designated in the inventory as property No. 4, for the purpose of completing his share of $666.67. In payment of Emilio's $1,466.66 he was allotted a condominium of $666.66 in property No. 4, which was the remainder of its value of $800, another property valued at $450, plus $350 in cash and a credit, but it does not appear from the partition that the condominium allotted to him in property No. 4 was specifically designated for the payment of the debts, for all of the properties were allotted to him indistinctly and jointly in payment of the $1,466.66.

Emilio and Osvaldo, joint owners of property No. 4, sold it to Antonio Jeanot, who thereafter sold it to Juan Rodríguez Barreto, in whose possession it is.

Ten years after that partition Osvaldo and Juana de León, the latter under the name of Juana Rivera de León and represented by her mother because she was a minor, brought an action against Juan Rodríguez Barreto in order to show that each of them had a condominium of one-third

in the property described, or property No. 4 of the inventory, to recover its products in the same proportion and to terminate the joint ownership existing between them by selling the property at public auction and dividing the price. They alleged in support of these claims that the allotment made in the partition to Emilio for the payment of debts and expenses of the estate was void because it was made without first obtaining authorization of the court.

The defendant opposed these claims and when the trial began Osvaldo withdrew from the case and the action was prosecuted by Juana Rivera. Judgment having been rendered against the plaintiff, she took the present appeal, in which the defendant-appellee made no appearance.

As may be seen from the facts stated, the appellant, who received her hereditary share free from debts, sought by this suit to recover also a one-third interest in property No. 4 that had been allotted to Osvaldo and Emilio, on the ground that its allotment for the payment of debts made without authorization of court was void; but she has not proved that the said property was allotted to Emilio for that purpose, for all of the allotments to him were made without specification, the partition showing rather that the condominium allotted to Emilio in that property was for the payment of his hereditary share, as it represented in dollars and cents exactly the $666.66 that he should receive as heir, and it may be understood reasonably that the other properties were allotted to him for the payment of the debts, for which reason the action brought against the present owner of the property can not prosper, inasmuch as in order that because of the nullity alleged the defendant could be compelled to recognize a condominium in favor of the appellant, it should have been proved against him that the property was allotted to him specially for the payment of the debts, without authorization of the court. If this action should be sustained in the face of the evidence examined, the appellant could bring another action claiming a one-third interest in the other

properties allotted to Emilio, and in that manner she would receive almost twice as much as the other heirs received.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.